# In the United States Court of Federal Claims

No. 23-1302C

(Filed: December 19, 2023)

|  |  |
|---|---|
| **SCOTT DAVID CALDWELL,** | ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) ) |
| **THE UNITED STATES,** | ) ) ) |
| *Defendant.* | ) ) ) ) |

### ORDER

    In this military pay case, Plaintiff has alleged that Defendant, the United States — acting by and through the Army, including the Army Board for Correction of Military Records ("ABCMR") and the Army Review Board Agency — erred by denying his claim for combat related special compensation ("CRSC") related to plaintiff's post-traumatic stress disorder ("PTSD").  ECF No. 1 at 10.  On November 22, 2023, the government responded by filing a motion to remand pursuant to RCFC 52.2.  ECF No. 7.  The government represents, and Plaintiff has confirmed, that this motion is unopposed.  *Id.* at 1.

    The motion for remand is **GRANTED**.  In accordance with the motion's proposed instructions, the ABCMR shall:

1. Reconsider and explain whether Plaintiff is entitled to CRSC;

2. Seek an advisory opinion from the Office of the Deputy Under Secretary of Defense (Military Personnel Policy);

3. Accept, consider, and address in its decision any other issues, evidence, or arguments Plaintiff raises in a written submission to the ABCMR, including but not limited to:

    a. Explaining any relationship, or lack thereof, between the Army's grant of CRSC to plaintiff for tinnitus and the Army's denial of CRSC to plaintiff for PTSD;

    b. Addressing any evidence presented related to PTSD and its relation to whether Plaintiff is entitled to CRSC under either or both of the following categories: Armed Conflict and Instrumentalities of War;

    c. Addressing any differences between its determination and the determinations made by Plaintiff's previous Physical Evaluation Boards concerning the causes of his PTSD;

4. Determine and explain whether Plaintiff is entitled to any correction of his military records, based upon any errors or injustices found.

On or before January 19, 2024, or such other time that the board may deem appropriate, Plaintiff shall file an application and any additional documents, evidence, or arguments that he wishes the ABCMR to consider during the remand proceedings. If Plaintiff is unable to submit applicable Army records because he has been unable to obtain them, he shall so inform the board which records he has been unable to obtain and provide documentary evidence of his efforts to obtain such records.

ABCMR shall promptly forward by email its decision to plaintiff's counsel of record and to counsel of record for the United States, and forward two copies to the Clerk of this Court. It may do so through Defendant's counsel.

Each party shall file a notice, within 30 days following the remand decision, indicating their respective positions on whether the remand decision affords a satisfactory basis for disposition of the case or whether further proceedings before the Court are required and, if so, the nature of such proceedings.

The government shall file a status report on or before March 19, 2024, and again on or before May 20, 2024, advising the Court of the status of the remand proceedings.

Further proceedings in this action are **STAYED** pending completion of the remand. Absent any extensions of time granted by this Court, the remand shall be completed on or before June 18, 2024.

    **IT IS SO ORDERED**.

                                               s/Matthew H. Solomson
                                               Matthew H. Solomson
                                               Judge